UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **THADDEUS ANTHONY STOVALL**<br>    **LA. DOC # 214585**<br>**VS.** | **CIVIL ACTION NO. 3:13-cv-1274**<br><br>**SECTION P**<br><br>**JUDGE DONALD E. WALTER** |
| **NURSE LENA AND DR. BAILEY** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Thaddeus Anthony Bailey, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 29, 2013. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC). He is incarcerated at the River Bend Detention Center (RBDC) and complains that he received inadequate medical care during the latter part of May 2011. He sued Nurse Lena and Dr. Bailey seeking compensatory damages of $100,000. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Statement of the Case*

On May 23, 2011, plaintiff, an LDOC inmate housed at RBDC, requested a sick-call due to numbness, pain, and swelling in his right hand. On that day he was examined by Nurse Lena who concluded that he was suffering from arthritis and referred him to Dr. Bailey. On May 25, 2011, he was seen by Dr. Bailey who prescribed medication. Plaintiff took the medication for 3

or 4 days and noted no improvement. On May 30, 2011, plaintiff again requested sick-call and was seen again by Nurse Lena who once again opined that he was suffering from arthritis. He then returned to Dr. Bailey on June 1, 2011. Bailey advised that he could offer no help.

Plaintiff then showed his hand to Capt. R. Jones, the Assistant Administrator, who upon seeing plaintiff's condition, arranged for transport to the E.A. Conway Hospital. He was examined by another physician who ordered x-rays and diagnostic tests. This physician opined that plaintiff had a pinched nerve in his wrist. On August 23, 2011, surgery was performed to relieve the pressure.

Plaintiff submitted grievances against Nurse Lena and Dr. Bailey on June 2, 2011, July 8, 2011, and August 29, 2011. He received no responses to his grievances.

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the

court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

Plaintiff's complaint is clear – he seeks damages for an incident that occurred in the spring and summer of 2011. As is shown below, the facts alleged thus far clearly warrant dismissal of the complaint as frivolous because it is untimely and prescribed.

*2. Limitations*

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the general statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff's claim that he was denied appropriate medical care for his wrist accrued sometime between June and August 2011, when his condition was properly diagnosed and he was afforded corrective surgery. For the purposes of this Report, and giving plaintiff the benefit of the doubt, it will be assumed that he was aware of his claim on August 23, 2011, the date surgery was performed. By that time, plaintiff was (or should have been) aware of all the facts necessary to know that his rights were allegedly violated. The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff's complaint was filed in May 2013, clearly beyond the 1-year period of limitations and therefore, is subject to being dismissed as frivolous.

**3. Equitable Tolling**

Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998). However, nothing herein suggests that this plaintiff is entitled to equitable tolling of the limitations period. Lack of knowledge about the law, does not justify equitable tolling. See *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling). While disease or illness may warrant equitable tolling, the disease must be of such severity that it rendered the litigant unable to pursue his legal claims. See *Fisher v. Johnson*, 174 F.3d 710, 715 (1999) (referring to mental illness); *Smith v. Johnson*, 247 F.3d 240, 2001 WL 43520, at *3 (5th Cir. Jan.3, 2001) (per curiam) (unpublished) (Also

referring to mental illness in the context of a *habeas corpus* claim and holding, "[A] prisoner's claim of mental incompetence may support tolling the AEDPA time limit if the mental impairment precluded the prisoner from effectively asserting his legal rights")

Based on the evidence currently available, plaintiff is not entitled to the benefits of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000) (discussing the availability of equitable tolling in the context of *habeas corpus* under the AEDPA and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence claims support equitable tolling of the AEDPA statute of limitations). See also *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) ("[equitable tolling] will not be applied where the applicant failed to diligently pursue ... relief...").

Finally, plaintiff may claim that he is entitled to equitable tolling for the period during which he submitted administrative grievances. As shown above, plaintiff submitted grievances against Nurse Lena and Dr. Bailey on June 2, 2011, July 8, 2011, and August 29, 2011. According to the pleadings, he received no responses to his grievances. The regulations governing administrative remedies for prisoners, such as plaintiff, who are in the custody of the LDOC provide among other things time limits not only for filing grievances but also for responding to grievances. See 22 LA ADC Pt. I, § 325(LAC 22:I.325); LR 28:857 (April 2002); 28:4 La.Reg. 857.  According to the Rules, the final decision of the appeal process must be made by the Secretary within 45 days of receipt of the grievance.  Pertinent to this inquiry is subsection (G)(4)(a) which provides, "... expiration of response time limits shall entitle the inmate to move on to the next Step in the process." Plaintiff's final grievance was filed in late August 2011, and

therefore he is entitled to equitable tolling of the period between June 2, 2011 (the date he filed his first grievance) and 45 days following August 29, 2011. However even if he is permitted tolling for this period, his complaint is still time-barred since more than one year elapsed between the date that his grievance process terminated under Louisiana law (45 days after August 29, 2011) and the date he filed the instant complaint.

*4. Medical Care*

Even if plaintiff was permitted to toll limitations beyond the period calculated above, his complaint would still be subject to dismissal. The constitutional right of a convicted prisoner to prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation the prisoner plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*,

239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of either of the defendants.

Indeed, plaintiff's complaint, taken as true for the purposes of this report, indicates that upon his initial complaint, and, upon each complaint thereafter, he was examined by either Nurse Lena or Dr. Bailey. It appears that, at worst, these two health care professionals mis-diagnosed his condition. To the extent that the defendants' choices establish negligence or even malpractice on their part, plaintiff still fails to state a claim since deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Plaintiff's failure to allege and demonstrate deliberate indifference warrants dismissal of his complaint for failing to state a claim for which relief may be granted.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, August 7, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE